D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ORMANDY SIERRA, on behalf of himself
and others similarly situated,

    Plaintiff,        COMPLAINT

 v.             FLSA COLLECTIVE ACTION AND RULE
                 23 CLASS ACTION
TOMINO LLC d/b/a TOMIÑO TABERNA
GALLEGA, VICTOR GONZALEZ, PHIL
GONZALEZ, and MARCO GONZALEZ

    Defendants.
--------------------------------------------------------x

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

    1.  This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant Tomino LLC d/b/a Tomiño Taberna Gallega ("Tomino") is a New York limited liability company.

5. Defendant Tomino LLC owns and operates the restaurant Tomino Taberna Gallega located in Manhattan.

6. Tomino has annual gross sales in excess of $500,000.

7. Defendants Victor Gonzalez, Phil Gonzalez, and Marco Gonzalez (the "Individual Defendants") jointly own and operate Tomino.

8. They are frequently present at the restaurant, and they are ultimately responsible for the day-to-day affairs of both locations.

9. They all have ultimate authority over hiring and firing of employees, payroll, schedules, exercise control over the restaurant's day to day operations.

10. To the extent that employment records are kept for employees, the Individual Defendants maintain and have control over those records.

11. When Plaintiff had disputes and complaints about the specific payroll issues challenged in this lawsuit, he would discuss them with the Individual Defendants.

12. The liquor license at Tomino is registered listing the Individual Defendants as principals.

13. Plaintiff Sierra ("Plaintiff") was employed by Defendants as a server from approximately October 2017 until June 2023.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

14. Plaintiff brings the First, Second and Third Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees employed by Defendants at Tomino on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of failing to pay them the minimum wage and overtime, and willfully retaining their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16. The First, Second and Third Claims for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

17. Plaintiff bring the state law wage and hour Claims for Relief (Fourth, Fifth, Sixth, Seventh and Eighth Claims for Relief) pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees employed by Defendants at Tomino on or after the date

that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

18. All said persons, including Plaintiff are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

19. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

20. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime and spread of hours compensation, illegally retaining tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and

competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of

fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class members within the meaning of New York law.

    b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work.

    c) Whether Defendants paid Plaintiff and the Class members the minimum wage for all hours worked.

    d) Whether Defendants illegally retained portions of Plaintiff's tips and the Class members' tips.

    f) Whether Defendants illegally distributed Plaintiff's and the Class members' tips to Defendants' agents and/or non-service employees

    g) Whether Defendants paid employees New York's "spread of hours" premium when their workdays exceeded 10 hours.

    h) Whether Defendants provided Server and Class members with the proper notices.

## FACTS

25. Plaintiff's Consent to Sue forms are attached as Exhibit A.

26. Defendants committed the following alleged acts knowingly, intentionally and willfully.

27. Defendants knew that the nonpayment of minimum wage and illegal deductions from the compensation of Plaintiff, the FLSA Collective Plaintiffs, and members of the Class would economically injure them and violated federal and state laws.

28. Plaintiff worked for Defendants as a server.

29. Plaintiff and the other tipped employees at Tomino were paid an hourly rate that was lower than the full minimum wage.

30. Defendants were not entitled to pay Plaintiff less than the full minimum wage because Defendants did not give Plaintiff proper written notice of the minimum wage.

31. Plaintiff was not given appropriate notices and acknowledgments of pay rate as required by New York Law. As a result, he was unaware of the full minimum wage/tip credit requirements.

32. Plaintiff's weekly wage statements also made no mention of any tip credit, as required by New York law.

33. Defendants required Plaintiff to pool his tips each night.

34. However, the tip-pool at Tomino illegally included the individuals who had supervisory control over other members of the food-service staff.

35. These individuals included managers such as Fernando [last name unknown] and Jonathan [last name unknown].

36. The managers supervisory control included, for example, scheduling employees, interviewing potential hires, recommending that employees be promoted or disciplined, and comping and/or voiding items on customers' checks.

37. When Plaintiff worked double shifts, his workdays lasted longer than 10 hours. However, Defendants did not pay him New York's "spread of hours" premium.

38. From approximately October 2017 until approximately March 2020, Plaintiff typically worked 43-47 hours each week.

39. Specifically, during that time period, Plaintiff's typical work schedule at Tomino was as follows: Wednesdays from approximately 4 p.m. until 11:00 or 11:30 p.m., Thursdays from approximately 11 a.m. until 11:30 p.m., Fridays from approximately 11 a.m. until 12:30 a.m., Saturdays from approximately 11 a.m. until 12:30 a.m.

40. Despite Plaintiff regularly working more than 40 hours in one week, Defendant did not pay Plaintiff any overtime premiums for hours he worked in excess of forty.

41. Since approximately March 2020, Defendants started paying employees overtime premiums for the time they worked in excess of 40, however, Defendants did not pay employees the appropriate overtime rates.

42. For example, in 2023, the New York State minimum wage rate was $15 per hour and, under New York State Hospitality Industry Wage Order, employers who met certain criteria could take advantage of a tip credit of up to $5 per hour and pay tipped employees $10 per hour. Employers were also permitted to apply the same tip credit rate of up to $5 per hour to employees' overtime rates.

43. During this time, Defendants took advantage of a tip credit of $3 per hour (though improperly so as set forth above) and paid Plaintiff $12 per hour. Accordingly, Defendants should have paid Plaintiff at least $19.50 per overtime hour, *i.e.*, $15 (minimum wage rate) x 1.5 (for overtime) = $22.50 minus $3 (tip credit) = $19.50. Nevertheless, Defendants improperly paid Plaintiff a rate of only $18 per overtime hour instead of at least the $19.50 per hour rate Plaintiff was entitled to.

44. Defendants committed the foregoing acts against Plaintiff, the FLSA Collective Members, and the Class.

## FIRST CLAIM FOR RELIEF
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.*
Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

45. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

46. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

47. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

48. During the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiff and the FLSA Collective Plaintiffs.

49. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)
(Brought by Plaintiff on Behalf of Himself
and the FLSA Collective Plaintiffs)**

50. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

51. Throughout the statute of limitations period covered by these claims, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

52. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff and the FLSA Collective Plianitffs at one and one half times the greater of their regular rate or the full federal minimum wage for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime.

53. Plaintiff, on behalf of himself the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, and attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Act, New York Labor Law § 650 et seq.;
N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-1.3, 146-2.9)
(Brought by Plaintiff on Behalf of Himself and the Class**)

54. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

55. Defendants knowingly failed to pay Plaintiff and the Class members the full New York State minimum wage for all hours worked.

56. Defendants' failure to pay Plaintiff and members the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

57. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be

determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
**(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)
(Brought by Plaintiff on Behalf of Themselves and the Class)**

58. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

59. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

60. Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate of one-and-one-half times the full New York minimum wage for hours worked in excess of forty (40) hours per workweek.

61. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### FIFTH CLAIM FOR RELIEF
**(Illegal Deductions from Gratuities, N.Y. Lab. L. §§ 193, 196-d and 198-b)
(Brought by Plaintiff on Behalf of Themselves and the Class)**

62. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

63. Defendants willfully diverted portions of the Plaintiff's and Class Members' tips.

64. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## SIXTH CLAIM FOR RELIEF
### (New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)
### (Brought by Plaintiff on Behalf of Himself and the Class)

65. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

66. Defendants did not provide Plaintiff and members of the Class with the notices/wage statements required by N.Y. Lab. Law §§ 195(1) and 195(3).

67. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages in amount to be determined at trial, post-judgment interest, and costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiff as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
April 12, 2024

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: */s/ D. Maimon Kirschenbaum*
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.